## Zeigler *v.* Lichten, Appellant.

*Landlord and tenant—Covenant against subletting—Parol agreement— Evidence—Opening judgment—Question of fact.*

On a rule to open a judgment entered by warrant of attorney in a lease for breach of a covenant not to sublet, where the lessee sets up an alleged contemporaneous parol agreement that he might sublet, the burden of proof is on the lessee, and a finding of the court below that there was no sufficient evidence of such alleged agreement will not be reversed by the appellate court, there being nothing in the case but a question of the sufficiency of evidence.

Argued Jan. 6, 1903.   Appeal, No. 152, Jan. T., 1902, by defendant, from order of C. P. No. 3, Phila. Co., Dec. T., 1901, No. 2180, discharging rule to open judgment, in case of Mary Helen Zeigler v. Moses H. Lichten.   Before MITCHELL, DEAN, FELL, BROWN, MESTREZAT and POTTER, JJ.   Affirmed.

Rule to open judgment.

*Error assigned* was the order of the court discharging rule to open judgment.

*Julius C. Levi*, with him *David Mandel, Jr.*, for appellant.

*William Y. C. Anderson, William Jay Turner* and *Richard C. Dale*, for appellee, were not heard.

PER CURIAM, February 9, 1903:

Judgment was entered by warrant of attorney in a lease for breach of the covenant not to sublet.   The breach was not denied but appellant set up a contemporaneous parol agreement that he might sublet, and facts that carried notice to the lessor that a subletting was contemplated.   The burden of proof was on appellant and the court below found that there was no sufficient evidence to prove the alleged agreement, even if it could be shown without preliminary proof of fraud, accident or mistake.   There is nothing in the case but a question of the sufficiency of evidence.

Judgment affirmed.